IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CRIMINAL NO.: WDQ-11-0167 |
| ANN MARGARET WARWICK, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Ann Warwick pled guilty to making a false statement in a matter within the jurisdiction of the executive branch of the United States government in violation of 18 U.S.C. § 1001. ECF No. 4. For the reasons discussed below, her motion to exclude testimony at sentencing will be denied.

I. Background

Ann Warwick worked for BCT, LLC ("BCT"), a subcontractor. From August 2000 until July 2010, BCT assigned Warwick to work at the National Security Agency ("NSA") through a contractor, SAIC. Mot. to Exclude, 1-2. Warwick submitted timesheets to BCT on a biweekly basis stating the number of hours she had worked during the pay period, and BCT paid Warwick. *Id.* at 2. BCT invoiced SAIC for Warwick's hours, and SAIC billed NSA for the same. *Id.* NSA paid SAIC, which then paid BCT, for the hours. *Id.*

During Warwick's ten years as a contractor at NSA, she submitted timesheets that overstated the time she worked by 836 hours. Information ¶ 9. NSA paid SAIC between $106.26 and $132.02 per hour for Warwick's work. *Id.* ¶ 8. The United States Treasury paid $108,780 for hours Warwick had not worked. *Id.* ¶ 10.

Based on her timesheets, the government charged Warwick with making a false statement to the United States in violation of 18 U.S.C. § 1001. ECF No. 1. On May 6, 2011, Warwick pled guilty to the charge. ECF No. 4. In July 2011, Stephen Tate, BCT's vice president, informed the government that he wanted to testify at Warwick's sentencing. Mem. in Opp'n 1. On August 2, 2011, the government notified the Court that Tate and Wayne Johnson, BCT's chief financial officer, would testify at Warwick's sentencing. Mot. to Exclude Ex. A. On September 13, 2011, Warwick moved to exclude Tate's and Johnson's testimony at her sentencing. ECF No. 15.

II. Analysis

    A. Crime Victims' Rights Act ("CVRA")

Warwick argues that BCT may not testify at her sentencing because it is not a "victim" under the CVRA. Mot. to Exclude 3. The CVRA, 18 U.S.C. § 3771, states a crime victim's "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing." *Id.* § 3771(a)(4). A crime victim

is "a person directly and proximately harmed as a result of the commission of a Federal offense."[1] *Id.* § 3771(e).

"The CVRA . . . does not limit the class of crime victims to those whose identity constitutes an element of the offense." *In re Stewart*, 552 F.3d 1285, 1289 (11th Cir. 2008). As long as another party "'suffers harm as a result of the crime's commission,'" it "'may qualify as a victim.'" *In re McNulty*, 597 F.3d 344, 351 (6th Cir. 2010) (*quoting In re Stewart*, 552 F.3d at 1289); *see also United States v. McElroy*, 353 F. App'x 191 (table), 2009 WL 3807157 at *2 (11th Cir. Nov. 16, 2009) (children used in production of child pornography were victims of *distribution* of the pornography because distribution exacerbated harm caused by creating the images).

A person is directly harmed when the "offense is a but-for cause of the harm." He is "proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct." *In re Fischer*, 640 F.3d 645, 648 (5th Cir. 2011).

Warwick argues that BCT is not a victim because its harm does not "result[] from 'conduct underlying an element of the

---

[1] The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, similarly define victims. *See In re McNulty*, 597 F.3d 344, 350 n.6 (6th Cir. 2010). Both Acts define a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* (*citing* 18 U.S.C. §§ 3663A(a)(2), 3663(a)(2)). The Fourth Circuit's interpretation of "victim" under the MVRA and the VWPA is persuasive, but not controlling authority. *See id.*

3

offense of conviction.'" Mot. to Exclude 4 (quoting *United States v. Sharp*, 463 F. Supp. 2d 556, 563-64 (E.D. Va. 2006)). Warwick's false statement has two elements: (1) making a "materially false, fictitious, or fraudulent statement or representation," (2) in a "matter within the jurisdiction of the executive . . . branch of the Government of the United States." 18 U.S.C. § 1001(a). She submitted false timesheets to BCT, knowing that BCT, SAIC, and NSA would rely on the timesheets for payment. *See* Mot. to Exclude 2. Her lies to BCT were underlying an element of the crime.

Warwick next contends that BCT suffered only indirect harm. The government notes that BCT has reimbursed the U.S. treasury for the money paid because of Warwick's false statements. Mem. in Opp'n 3. If this is the case,[2] Warwick's false statements caused BCT's reimbursement of NSA; it was foreseeable that Warwick's employer would be held responsible for her theft. BCT is a victim under the CVRA and may testify at Warwick's sentencing to the harm it suffered.

B. Due Process Concerns

Warwick argues that even if BCT is a CVRA victim, its representatives should not be allowed to testify because Warwick has not received sufficient notice of the intended testimony.

---

[2] Warwick contends that BCT has been "fully compensated" and, thus, has suffered no direct harm. Mot. to Exclude 6. This will be explored at sentencing.

Mot. to Exclude 6. She contends that she has a due process right to ensure that the sentencing information on which the Court will rely is reliable and accurate; without advance knowledge of BCT's testimony, she cannot protect this right. *Id.* at 6-7.

The CVRA does not require advance notice of a victim's testimony. *See* 18 U.S.C. § 3771. Warwick contends Fed. R. Crim. P. 26.2 and 32 import a right to know the substance of testimony in advance. Mot. to Exclude at 7-8. Under Fed. R. Crim. P. 32(d)(2)(B), the Pre-Sentence Report ("PSR") must include "information that assesses any . . . impact on any victim." Warwick argues that this protects a defendant's "right to challenge the reliability" of a victim's statement. Mot. to Exclude 7. Clearly, Warwick knows the substance of BCT's testimony: it was directly and proximately harmed by her crime.[3] Warwick also knows that BCT has promised not to testify about general reputational harm it has suffered. *Id.* at 3 n.1.

---

[3] The parties agree that BCT will not testify about "'financial implications' of 'employees' committing fraud generally, or 'concern' regarding BCT's efforts to fulfill present contracts." Mot. to Exclude 3 n.1. Warwick is welcome to object to any other testimony of harm that is "too attenuated . . . to be considered 'direct and proximate harm.'" *Id.* Warwick argues that "BCT's purported 'reputational loss' could . . . take many forms, and could include many intervening causes unrelated to Ms. Warwick's offense conduct." Mot. to Exclude 8 n.2. BCT will be limited to discussing direct harm at sentencing. *See id.* at 3 n.1. Warwick may object to testimony that exceeds that limit.

Warwick can test the reliability of BCT's claimed injury at the sentencing hearing.

Warwick argues that Fed. R. Crim. P. 26.2 entitles her to "advance disclosure" of any statements by BCT related to BCT's testimony.[4] Mot. to Exclude 8. Rule 26.2 provides for disclosure "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2. Warwick's reliance on that rule is premature.

Warwick's motion to exclude will be denied.

III. Conclusion

For the reasons stated above, Warwick's motion to exclude BCT's testimony will be denied.

9/23/11
Date

William D. Quarles, Jr.
United States District Judge

---

[4] Warwick asserts that Fed. R. Crim. P. 32 requires "produc[tion of] a witness's statement *prior to testimony at sentencing*," Mot. to Exclude 8 (emphasis added). Rule 32 does not require for advance production of a witness's statement. *See* Fed. R. Crim. P. 32(i)(2). The rule states only that "[i]f a witness testifies at sentencing . . . [and] a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony." *Id.*